**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

GARY CASEY

And

SHERI CASEY

        Plaintiffs,

v.

NCO FINANCIAL SYSTEMS, INC.

And

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.

        Defendants.

_____

**COMPLAINT AND JURY DEMAND**
_____

Come now Plaintiffs Gary Casey and Sheri Casey and for their causes of action against the defendant states:

**Parties and Jurisdiction**

1. That one count of this complaint arises under 15 U.S.C. Section 1692 (the Fair Debt Collection Practices Act) and the court has jurisdiction over that claim under 15 U.S.C. Section 1692k. Alternatively, plaintiffs are both citizens of the state of Colorado, defendant NCO Financial Systems Inc. (hereinafter "NCO") is a corporation incorporated and having its principal place of business in the State of Pennsylvania; that Allianceone Receivables Manaement, Inc. (hereinafter "Allianceone") is a corporation organized

under the laws of Delaware and having its principal place of business in Pennsylvania. Further, the matter in controversy under the state law claims alleged herein, independent of the federal claims, exceeds $75,000.00; as such this court alternatively has jurisdiction under diversity of citizenship, 28 U.S.C. Sec. 1332. The court further has supplementary jurisdiction of the state law claims that are so related to the federal claims in this action that they forms part of the same case or controversy. The court thus has jurisdiction of those claims under 28 U.S.C. Section 1361

## ALLEGATIONS COMMON TO ALL COUNTS

1. That defendants NCO and Allianceone are collection agencies that regularly engage in the collection of consumer debts for others.

2. That at all times herein mentioned defendants were acting by and through their agents, servants and employees acting within the course and scope of their employment with each respective defendant.

3. That the defendant NCO attempted to collect from plaintiffs debts claimed to be owed to American Express based primarily upon charges made for personal or household use. That Alliaceone attempted to collect another personal credit card debt for another issuer.

4. That in an attempt to collect the debts defendants sent letters and placed telephone calls to plaintiffs. That defendant NCO placed about 100 calls to plaintiffs and defendant Allianceone about 50.

5. That plaintiffs repeatedly wrote to defendant NCO and advised it not to place further calls to plaintiffs but defendant NCO continued to repeatedly call anyway.

6. That plaintiffs' many of plaintiffs' credit card accounts, including the ones

wherein these defendants attempted to collect, went to collection agencies due to plaintiff's falling behind due to the practice of many of the credit card companies with whom they had accounts employing a practice called "universal default" which was all based upon an erroneous accounting entry on plaintiffs' Chase account which Chase reported to credit reporting agencies when plaintiffs disputed and refused to pay an incorrect balance.  That plaintiffs so advised defendants however they continued relentless collection efforts, especially NCO.

### **First Claim for Relief , Fair Debt Collection Practices Act**

Comes now Plaintiffs and for their causes of action against both defendants under count I state:

1. That defendants is are debt collectors and regularly collect consumer debts for others.

2. That defendant both NCO and Allianceone caused plaintiffs phones to ring with such regularity as to harass and annoy plaintiffs in violation of 15 U.S.C. Section 1692.

3. That defendant NCO continued to call plaintiffs notwithstanding that they were advised in writing to cease and desist.

4. That defendant NCO repeatedly engaged in improper contact with plaintiff Sheri Casey's employer and coworkers such that it was so disruptive to business that the employer reluctantly considered letting plaintiff, despite a stellar work history, to stop the disruptions.

5. That defendant Allianceone threatened to log onto Citiyearch.com , a commercial website through which plaintiff obtains clients for his business and post a

negative review, which was an action defendant Allianceone was not legally entitled to take.

6. That as a result of such conduct, plaintiffs were caused to suffer severe emotional distress or alternatively severely aggravated each plaintiff's pre-existing conditions of extreme distress which had been caused by the conduct of Chase in wrongfully billing plaintiffs, then reporting them to the credit bureaus, in turn causing plaintiffs' other credit card issuers to employ a harsh practice known as "universal default" which drastically increased their interest rates on substantial balances, which in turn virtually ruined plaintiffs financially and further which was caused, in part, by other entities also calling plaintiffs for payment on unfairly imposed universal default obligations despite operating a successful business and employing responsible financial management in their lives.  That the defendant NCO's conduct was so relentless that plaintiffs seriously considered filing bankruptcy against all of their creditors, including Citibank that reversed its universal default decision upon investigating plaintiffs' claims, just to get the harassment to stop.

WHEREFORE: Plaintiffs pray judgment against the defendant in such sum as is reasonable, additional damages under 15 U.S.C. Section 1692k(a)(2)(A), plus attorney's fees under 15 U.S.C. Section 1692k(a)(3), plus interest on his judgment and his costs.

### Second Claim for Relief, Invasion of Privacy

Come now Plaintiffs and for their causes of action under count II state:

1. That the calls were placed to plaintiffs' house by both defendants and to their respective places of employment and business, by NCO, with such regularity as to clearly constitute harassment and each were of a frequency and manner alone to be highly

offensive to an ordinary person and a very substantial disruption in their family life and even effected their children. Further, the volume of calls to their respective places of employment and business substantially and pervasively interfered with their work environment and their business relationships, inhibiting their ability to earn money to pay their other creditors.

2. That as a result of such conduct, plaintiffs were caused to suffer severe emotional distress or alternatively severely aggravated each plaintiff's pre-existing conditions of extreme distress which had been caused by the conduct of Chase in wrongfully billing plaintiffs credit card, then reporting them to the credit bureaus, in turn causing plaintiffs' other credit card issuers to employ a harsh practice known as "universal default" which drastically increased their interest rates on substantial balances, which in turn virtually ruined plaintiffs financially and further which was caused, in part, by other entities also calling plaintiffs for payment on unfairly imposed universal default obligations despite operating a successful business and employing responsible financial management in their lives.  That the defendant NCO's conduct was so relentless that plaintiffs seriously considered filing bankruptcy against all of their creditors, including Citibank that reversed its universal default decision upon investigating plaintiffs' claims, just to get the harassment, largely by NCO, to stop.

3. That the defendant's conduct was willful, wanton and malicious.

WHEREFORE: Plaintiff each prays judgment against the defendants in such sum as is reasonable together with punitive damages as are just and reasonable, plus interest on their judgments and their costs.

### **Third Claim for Relief, Intentional Infliction of Emotional Distress**

Come now Plaintiffs and for their causes of action against defendant NCO under count III state:

1.      That the cumulative conduct of Defendant NCO as alleged in previous counts herein and throughout the complaint was calculated and intended to cause these plaintiffs severe emotional distress so that they would be so extremely distressed that they would take extraordinary measures, to the detriment of their business and their other creditors, and pay NCO immediately in preference to the others.  That defendant succeeded and did cause extreme emotional distress but instead of driving payment it drove plaintiffs to seek bankruptcy counsel.

2.      That the cumulative conduct of Defendant NCO as alleged in previous counts herein, and throughout the complaint, was so outrageous and extreme as to be beyond all bounds of human decency and intolerable in a civilized society.

3.      That as a result of such conduct, plaintiffs were caused to suffer severe emotional distress or alternatively severely aggravated each plaintiff's pre-existing conditions of extreme distress which had been caused by the conduct of Chase in wrongfully billing plaintiffs, then reporting them to the credit bureaus, in turn causing plaintiffs' other credit card issuers to employ a harsh practice known as "universal default" which drastically increased their interest rates on substantial balances, which in turn virtually ruined plaintiffs financially and further which was caused, in part, by other entities also calling plaintiffs for payment on unfairly imposed universal default obligations despite operating a successful business and employing responsible financial management in their lives.  That the defendant NCO's conduct was so relentless that

plaintiffs seriously considered filing bankruptcy against all of their creditors, including Citibank that reversed its universal default decision upon investigating plaintiffs' claims, just to get the harassment, Largely by NCO, to stop.

    4.    That the defendant's conduct was willful, wanton and malicious.

WHEREFORE: Plaintiff each prays judgment against defendant NCO in such sum as is reasonable together with punitive damages as are just and reasonable, plus interest on their judgments and his costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted this 25th day of January, 2006.

    s/ Blair K. Drazic_____
***Blair K. Drazic***
591 25 Road, Suite 2-A
Grand Junction, CO 81505
Telephone 314-989-0071
FAX:   314-989-1159
E-mail**:** blairdrazic@aol.com
Attorney for Plaintiffs

Plaintiff's address is:
9094 West Center Ave.
Lakewood, CO  80226